UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-09172-MCS-JEM | Date | June 10, 2025 |
| Title | *Coastal Environmental Rights Foundation v. Naples Restaurant Group, LLC* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:   (IN CHAMBERS) ORDER RE: SUPPLEMENTAL MATERIALS**

With petitions for rehearing en banc pending in front of the Ninth Circuit, the panel remanded two factual issues for this Court to decide: (1) whether Defendant Naples Restaurant Group, LLC, has continued to pay the annual fee for the National Pollutant Discharge Elimination System ("NPDES") permit to the Los Angeles Regional Water Quality Control Board, and (2) whether "it is absolutely clear" that Defendant's alleged violations of the Clean Water Act "could not be reasonably expected to recur." Order, *Coastal Env't Rts. Found. v. Naples Rest. Grp.*, No. 23-55469 (9th Cir. Mar. 18, 2025) (internal quotation marks omitted). The Court held a status conference with the parties to discuss next steps. (Mins., ECF No. 136.) After consideration, the Court orders the following:

- Two weeks from this Order, Defendant is ordered to submit a sworn declaration accompanied by exhibits consisting of the best evidence to support its claim that it has continued to pay the annual fee for the NPDES permit. (Joint Status Report 4, ECF No. 134.) Plaintiff may file a counterdeclaration, and objections thereto, two weeks after Defendant's filing. Alternatively, within two weeks the parties may file a joint stipulation of fact that Defendant has continued to pay the permit fee. The Court reserves discretion to make

- further orders, including opening a limited period of discovery on this issue, after reviewing the parties' submission.

- Two weeks from this Order, each party is required to file a brief stating its position on whether "it is absolutely clear" that Defendant's alleged violations of the Clean Water Act "could not be reasonably expected to occur." The Court declines to reopen discovery on this issue and instructs the parties to rely on the trial record to support their arguments. Opposition briefs are due two weeks after the opening briefs are filed. All briefing shall comply with Local Rules 7-5 and 7-9.

**IT IS SO ORDERED.**