UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>NAPLES RESTAURANT GROUP, LLC, a California Limited Liability Company; JOHN MORRIS, an individual,<br><br>Defendants. | Case No. 2:21-cv-09172-MCS-JEM<br><br>**ORDER RE: NINTH CIRCUIT REMAND ORDER** |

The Ninth Circuit remanded the appeal in this case for the Court to make additional factual determinations on the following two issues:

> (1) whether Appellee has continued to pay the annual fee for the National Pollutant Discharge Elimination System permit to the Los Angeles Regional Water Quality Control Board, and (2) whether "it is absolutely clear" that Appellee's alleged violations of the Clean Water Act "could not reasonably be expected to recur." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987).

Order, *Coastal Env't Rts. Found. v. Naples Rest. Grp.*, No. 23-55469 (9th Cir. Mar. 18, 2025) ("Remand Order"). The Court held a status conference with the parties, (Mins., ECF No. 136), and then ordered supplemental briefing on the remanded factual issues, (Order Re: Suppl. Br., ECF No. 138). Plaintiff Coastal Environmental Rights Foundation filed an opening and a response brief. (Pl.'s Br., ECF No. 139; Pl.'s Resp., ECF No. 143.) Defendants Naples Restaurant Group, LLC, and John Morris also filed an opening and a response brief.[1] (Defs.' Br., ECF No. 140; Defs.' Resp., ECF No. 144.) The Court has reviewed the parties' submissions and concludes no further hearing or briefing is necessary.

## I. BACKGROUND

Plaintiff filed a complaint against Defendant for allegedly discharging, and continuing to discharge, fireworks debris and pollution into Los Angeles–area waters without a National Pollutant Discharge Elimination System ("NPDES") permit in violation of the Clean Water Act ("CWA"). (Compl. ¶¶ 10, 70–74, ECF No. 1.) The Court denied the parties' cross motions for summary judgment, (Order Re: Mots. for Summ. J., ECF No. 36), and held a two-day bench trial on Defendant's liability, (*see* Mins., ECF Nos. 96, 98). After trial, Defendant filed a motion for judgment on partial findings, which the Court denied, and expressly invited the parties to address whether Plaintiff had proven continuous and ongoing violations of the CWA. (Order Re: Rule 52(c) Mot. 20, ECF No. 109.) The Court ultimately found that Plaintiff had not demonstrated a continuing likelihood that Defendant would violate the CWA, and entered judgment in favor of Defendant. (Bench Verdict 7, ECF No. 114.)

Following an appeal, the Ninth Circuit vacated the judgment and remanded the

---

[1] Both Naples Restaurant Group, LLC, and John Morris are defendants in this action. However, the Remand Order only asks for additional factual determinations related to Naples Restaurant Group, LLC. Therefore, references to "Defendant" in this Order only refer to Defendant Naples Restaurant Group, LLC.

1  case with instructions to dismiss the case as moot. (Op., ECF No. 129.) The Ninth
2  Circuit did not review the merits of this Court's ruling. Instead, it determined the case
3  was moot because, after the verdict, the Los Angeles Regional Water Quality Control
4  Board (the "Board") began issuing NPDES permits for fireworks displays over Los
5  Angeles waters, at which point Defendant applied for and received a permit. (*Id.* at 5.)
6  Given Plaintiff's allegations that Defendant was violating the CWA without an NPDES
7  permit, by obtaining the permit, the majority opined that Defendant "c[ould] no longer
8  violate the [CWA] by discharging pollutants during fireworks shows *without a permit*."
9  (*Id.* at 12.) The majority also observed that "there's no ground to believe that
10 [Defendant's] alleged [CWA] violations are reasonably likely to reoccur." (*Id.* at 13.)

11     The dissent critiqued the conclusion that it was "absolutely clear that
12 [Defendant's] wrongful behavior could not reasonably be expected to recur." (Dissent
13 23, ECF No. 129.) The dissenting judge's main grievance was the lack of an
14 "evidentiary showing that [Defendant] absolutely will comply with the [CWA] going
15 forward." (*Id.* at 23–24.) In his view, the fact that Defendant operated fireworks
16 "without a permit for over 12 years," and "could have applied for an individual NPDES
17 permit to cover the shows at any time during this ten-year period but chose not to do
18 so" weighed against a finding that Defendant would remain compliant with the NPDES
19 permit. (*Id.* at 24–25; *see also id.* at 28.) Therefore, he found it important that this Court
20 make findings of fact regarding Defendant's compliance with the NPDES permitting
21 requirements before concluding that the case was moot. (*Id.* at 26–27, 30.)

22     After the panel's ruling, Plaintiff filed a petition for rehearing en banc, and the
23 panel then issued the Remand Order. The petition remains pending subject to this
24 Court's findings.

25

26 **II.    DISCUSSION**
27     For the reasons below, the Court concludes that Defendant has continued to pay
28 the annual fee for the NPDES permit and also concludes that it is absolutely clear that

Defendant's alleged violation of the CWA could not reasonably be expected to recur.

### A. Whether Defendant Has Continued to Pay the Annual Fee for the NPDES Permit

The first issue revolves around whether Defendant has paid its invoice of $3,576.00 for the 2023 general NPDES permit. (Joint Status Report 2–4, ECF No. 134.) The Court ordered Defendant to submit a sworn declaration accompanied by exhibits consisting of the best evidence to support its claim that it had continued to pay the annual fee for the NPDES permit. (Order Re: Suppl. Br. 1.) The Court permitted Plaintiff to file a counterdeclaration and objections. (*Id.*) In response, Olivia Anderson, one of Defendant's accountants, declared that Defendant paid $3,274.00 for the 2023 NPDES permit, but then later learned Defendant actually owed $3,576.00. (Anderson Decl. ¶¶ 3–10, ECF No. 140-6.) After receiving a revised invoice reflecting a $302.00 balance in April 2025, Ms. Anderson attests that she mailed a check to the Board in the amount of $302.00 and avers that any outstanding balance is "fully paid." (*Id.* ¶¶ 11–14; *id.* Ex. C, ECF No. 140-9.) Therefore, in light of this evidence, the Court finds that Defendant has continued to pay the annual fee for the NPDES permit.

### B. Whether It Is "Absolutely Clear" that Defendant's Alleged Violations of the CWA "Could Not Reasonably Be Expected to Recur"

The second issue concerns whether Defendant has demonstrated that it is "*absolutely clear* that the allegedly wrongful behavior could not reasonably be expected to recur." *Gwaltney*, 484 U.S. at 66 (internal quotation marks omitted); *accord Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 169, 190 (2000) ("[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."). Here, the alleged violation is that Defendant discharged pollutants without a permit. Therefore, the narrower factual question is

whether Defendant has met its burden in showing that it is absolutely clear that the discharge of pollutants *without a permit* could not reasonably be expected to recur. The Court concludes that Defendant has met its burden.

First, as discussed above, based on Ms. Anderson's declaration, the Court is satisfied that an administrative error caused Defendant's payment discrepancy for the 2023 permit, and that Defendant adequately remedied the issue. Therefore, there is no indication that Defendant will not pay for the permit in the future, nor does Plaintiff provide any argument supporting such a finding.

Second, there is evidence from trial to support Defendant's compliance with future permitting requirements. At trial, John Morris, the organizer of the fireworks event, testified that for future events he would "[a]bsolutely" apply for an NPDES permit. (2/1/23 Tr. 59–60, ECF No. 107.) Mr. Morris's statement is bolstered by the fact that the parties agree that Defendant complied with various other regulatory requirements during the fireworks shows, such as water quality monitoring investigative orders, (Stip. ¶¶ 21–24, ECF No. 70), a fact the majority also acknowledged in its opinion, (Op. 13 n.1).

Plaintiff does not give this Court any reason to doubt Mr. Morris's representations or Defendant's commitment to future compliance with permitting requirements.[2] Instead, in an effort to cast doubt over Defendant's conduct, Plaintiff tries to muddy the record as to what permit options were available or necessary before the general NPDES permit was promulgated. In its opening brief, Plaintiff concedes that a general permit was unavailable during the period of alleged wrongdoing but suggests that Defendant could still have sought an individual NPDES permit. (Pl.'s Br.

---

[2] Much of the case law on which Plaintiff relies involves cases where a defendant violated the terms of an existing NPDES permit and later came into compliance, unlike this case, where a defendant did not have access to the NPDES permit and then received the permit. If Plaintiff's real concern is that Defendant will violate the terms of its NPDES permit, that would be a different claim altogether.

5

8–9.) Plaintiff avers "[t]here is no record evidence . . . to suggest that [Defendant] was prevented from applying for an individual permit to comply with the [CWA]." (*Id.* at 9.) Plaintiff chooses its words carefully. It does not suggest that Defendant could have received such a permit, but instead faults Defendant for not applying for the permit. This is likely because Plaintiff acknowledged before trial that the Board "has never issued an individual NPDES for the discharge of fireworks." (Stip. ¶ 13.) Indeed, the trial record also shows that the Board "d[id] not require an NPDES permit . . . for a fireworks show," and it was only in September 2022 that the Board started to develop a general permit for fireworks. (Lim Decl. Ex. C, at 2–3, ECF No. 95-3.) Given this evidence, the Court is skeptical of Plaintiff's repeated argument that Defendant's lack of an unnecessary and unavailable permit is probative of whether Defendant will maintain the required general permit in the future. (*See, e.g.*, Pl.'s Br. 8–10, 15; Pl.'s Resp. 8–10.) Plaintiff's specious argument has had an unfortunate impact on the appellate record. Rather than tackling the trial record straight on, Plaintiff's decision to wordplay the issue of permit availability seems to have affected, at minimum, the dissent's analysis. Indeed, Plaintiff appeared to persuade the dissenting judge that Defendant could have obtained a permit, despite Plaintiff knowing that no such permit was required, or likely even available, for fireworks shows, *see Carroll Shelby Licensing, Inc. v. Halicki*, 643 F. Supp. 3d 1048, 1053–54 (C.D. Cal. 2022) (Scarsi, J.) (warning the parties of their obligations under Rule 11(b) given their embellishment of the record on appeal).

In sum, based on a review of the parties' briefing and the trial record, the Court finds that it is absolutely clear that Defendant's discharge of pollutants without a permit is not reasonably likely to recur.

### III. CONCLUSION

The Court has resolved the factual issues identified in the Remand Order. The Court instructs the parties to comply with the instructions in the Remand Order and

notify the panel of this Court's findings.

**IT IS SO ORDERED.**

Dated: July 29, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

cc: Ninth Circuit Court of Appeals